STATE OF IOWA, Appellant, v. LAGOMARCINO-GRUPE COMPANY, Appellee.

FEBRUARY 5, 1929.

*John Fletcher*, Attorney-general, *Neill Garrett*, Assistant Attorney-general, *H. M. Ofelt*, County Attorney, and *Albert H. Adams*, for appellant.

*Wilson & Jackson*, for appellee.

FAVILLE, J.—The indictment in the instant case arose under the Code of 1924, and is predicated upon the following state of facts. It appears that the appellee is a wholesaler or jobber, and that, on or about the 21st day of April, 1927, one Helterbran was operating a general store at Hillsboro, Iowa. On or about said date, the appellee shipped to the said Helterbran 2,000 Camel cigarettes, 2,000 Lucky Strike cigarettes, and one carton of Riz-la-Croix cigarette papers, without having affixed to the said cigarettes and cigarette papers a stamp denoting the tax thereon. Chapter 78 of the Code of 1924 provides for a mulct tax which is imposed under certain conditions with respect

to the sale of cigarettes and cigarette papers. Section 1570 of said Code provides, in part, as follows:

"There is hereby levied and assessed and shall be collected and paid to the treasurer of state prior to or at the time of sale and delivery to the consumer, upon all cigarettes, cigarette papers, wrappers, and tubes sold, the following taxes: * * * "

Section 1571 provides as follows:

"All cigarettes sold under the provisions of this chapter shall be put up in packages containing five, eight, ten, twelve, fifteen, sixteen, twenty, twenty-four, forty, fifty, eighty, or one hundred cigarettes each. Before being delivered to the consumer each package of cigarettes and each package, book, or set of papers or tubes shall have securely affixed thereto a suitable stamp denoting the tax thereon and said stamp shall be properly canceled prior to removal or consumption under such regulation as the treasurer of state shall prescribe."

The sole question for our determination in this case is whether or not, under the facts in the record, the appellee was guilty of a violation of said statute. Is the proprietor of a retail store who purchases cigarettes in large quantities solely for purposes of resale by him to his customers in the ordinary course of retail trade a "consumer," within the meaning of this statute?

Webster's International Dictionary defines a consumer as: "One who uses (economic) goods and so diminishes or destroys their utilities; opposed to *producer*." The same authority defines the word "consume" to mean: "To use up, expend, waste, devour;" and gives as synonyms for the word "consume" the following: "Destroy, swallow up, ingulf, absorb, waste, exhaust, spend, expend, squander, lavish, dissipate, burn up." The word "consume" has a general and popular meaning, which is consistent with the dictionary definition, and which, it must be assumed, was in the mind of the legislature at the time of the enactment of the statute in question. The purpose of the statute was to require the payment of the tax and the affixing of the proper stamps before cigarettes or cigarette papers could be disposed of to the consumer. The statute makes no provision for the payment of such a tax under any other circumstances. The tax must be paid and the stamp affixed before cigarettes may be

disposed of to "the consumer." The legislative intent was expressed in two different sections of the statute, and limited by definite terms to such a situation. If the legislature had intended that the tax must be paid and the stamp affixed in transactions where one wholesaler sells cigarettes in quantities to another wholesaler or to a jobber, or even to a retailer, the statute could easily have been so drafted. But for some reason, the legislature, in its wisdom, saw fit to limit the imposition of the tax and the requirements in regard to same solely to transactions where the cigarettes or cigarette papers are disposed of to the "consumer."

It is argued in behalf of the State that, since the enactment of this statute, the officers having charge of the collection of said tax have required the payment of the tax under circumstances such as are disclosed in the instant case, and that said rule of said officers has been acquiesced in by wholesalers and jobbers in the state of Iowa, and has been recognized as a correct interpretation of the law. Such fact, however, cannot have a controlling effect upon the court in determining the question as to whether or not the appellee in the instant case had been guilty of a violation of a criminal statute. The question before us is whether or not, under the undisputed facts in the case, the appellee violated the statute in making the sale in question. It abundantly appears from the record that the sale for which the appellee was indicted was not a sale of cigarettes and cigarette papers to "the consumer." Under no reasonable definition of the term could it be said that this purchaser was a consumer. The transaction, therefore, clearly did not come within the express terms of the statute, and we cannot, by judicial construction, extend the statute so as to make that a crime which the legislature has not seen fit to declare to be such. The action of the trial court in directing a verdict in behalf of the appellee, under the circumstances shown in the case, was correct, and it must be—*Affirmed.*

ALBERT, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.